hPLOTKIN, Judge.
The issue presented by this appeal is whether or not the trial court erred when it granted the Attorney General’s motion for summary judgment predicated on the constitutionality of La. R.S. 9:2798.1. We hold that the trial court erred in granting summary judgment because the issue of whether or not La. R.S. 9:2798.1 is constitutional is premature.
PROCEDURAL HISTORY:
Mrs. Charlene Grayson’s cause of action is for the wrongful death of her father, Jack Van Natta, who died after eating raw oysters infected with vibrio vulnificus while vacationing in New Orleans. Originally, plaintiff brought suit against The Department of Health and Hospitals (hereinafter DHH) and three French Quarter restaurants and their insurers: Felix’s Restaurant and Oyster Bar, Mike Anderson’s Seafood Restaurant and Oyster Bar, and The Seaport Cafe and Bar,-filing her petition on June 23, 1994. She argued that DHH was negligent because it breached its mandatory duty to ensure that these restaurants post ^warnings in accordance with the State Sanitary Code regarding the dangers of eating raw seafood and that the restaurants themselves were also negligent for not providing the warnings. She further alleged a cause of action in red-hibition against the restaurants because the raw oysters were “absolutely useless and imperfect” in that her father would not have purchased and consumed them had he known they were infected with vibrio vulnificus. In plaintiffs First Supplemental and Amending Petition, filed July 18, 1994, defendants, The Seaport Cafe and Bar and its insurer, were dismissed from the suit and The Desire Oyster Bar and its insurer were substituted in their place.[1] The Second Supplemental and Amending Petition, filed on October 5, 1994, added the State of Louisiana through the Office of the Attorney General (hereinafter Attorney General) to the suit because plaintiff anticipated that DHH would defend itself by arguing the applicability and constitutionality of La. R.S. 9:2798.1. If DHH did indeed allege this, plaintiff planned to counter-argue the statute’s inapplicability or, in the alternative, unconstitutionality. The Attorney General is the proper party to sue in eases that contest the constitutionality of a statute.
The Attorney General and DHH did not originally answer the petition, but rather sought summary judgment on March 30, 1995. The Attorney General claimed that because the constitutionality of La. R.S. 9:2798.1 has been established already, there was no genuine issue of material fact. DHH argued that since La. R.S. 9:2798.1 is constitutional, it is not liable for Mr. Van Natta’s death because ensuring compliance with the State Sanitary Code is a discretionary function not a mandatory duty, thus shielding it from liability. On September 29, 1995, Judge Magee denied summary judgment as to both defendants on the grounds that it was bpremature to decide the constitutionality of La. R.S. 9:2798.1 at that time and that there remained a genuine issue of material fact as to whether or not DHH was afforded protection by the statute in this particular case. This Court denied writs on December 8, 1995. DHH and the Attorney General finally filed an answer along with an exception of “no right or cause of action” on July 8, 1996.[2] In said answer, defendants averred the “discretionary function exception to tort liability” and its constitutionality.
*1164 The case was transferred to Judge Ramsey for trial. After extensive discovery, the Attorney General again filed for summary judgment on September 3, 1997, arguing again that La. R.S. 9:2798.1 was constitutional, therefore, there was no genuine issue of material fact. Judge Ramsey was unavailable to decide the motion and Judge Medley handled her docket. Judge Medley granted summary judgment in favor of the Attorney General on December 1,1997. It is from this judgment that plaintiff now appeals.

ASSIGNMENT OF ERROR:

Plaintiff contends in her sole assignment of error that the trial court erred when it considered the constitutionality of La. R.S. 9:2798.1 prematurely, thereby granting summary judgment erroneously. The effect of this judgment was to dismiss the Attorney General from the suit.
Appellate courts must review summary judgments de novo and ask whether or not any genuine issues of material fact exist. If the court finds that any genuine issue of material fact exists, it must deny the mov-ant’s motion. Meunier v. Pizzo, 97-0047 (La.App. 4 Cir. 6/18/97), 696 So.2d 610, 612, writ denied, 97-1891 (La.10/31/97) 703 So.2d 27. In light of recent legislative amendments, summary judgments are now “favored” and thus should be liberally applied. Morales v. Davis Brothers Construction Company, Inc., 97-1648 (La.App. 4 Cir. 1/28/98), 706 So.2d 1048, 1050.
Here, the Attorney General’s motion was granted after the trial court determined that La. R.S. 9:2798.1 is in fact constitutional. La. R.S. 9:2798.1 provides that in instances when the function of a governmental entity is purely discretionary or policy-making in nature, that entity is granted governmental immunity. It states, in pertinent part, “Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their poli-cymaking or discretionary acts when such acts are within the course and scope of their lawful- powers and duties.” La. R.S. 9:2798.1(B).
Our jurisprudence has firmly established that a court should not reach or determine whether or not a statute is constitutional unless said resolution is necessary to decide the case. Louisiana Associated General Contractors Inc. v. New Orleans Aviation Board, 97-0752 (La.10/31/97), 701 So.2d 130, 132; Matherne v. Gray Ins. Co., 95-0975 (La.10/16/95), 661 So.2d 432, 434; Williams v. State, Department of Health and Hospitals, 97-0055 (La.12/2/97), 703 So.2d 579, 581; Blanchard v. State Through Parks and Recreation Commission, 96-0053 (La.5/21/96), 673 So.2d 1000, 1002. In the present situation, whether or not La. R.S. 9:2798.1 is constitutional need not be determined just yet because it may be determined that it does not even apply to the facts of this ease, i.e., if DHH does indeed have a mandatory duty to ensure that restaurants comply with the State Sanitary Code. If the trial court determines that [La. R.S. 9:2798.1 applies to this case, then the issue of whether or not La. R.S. 9:2798.1 is constitutional will be ripe for adjudication. Until that time, summary judgment dismissing the Attorney General based on the constitutionality of La. R.S. 9:2798.1 is premature.
For the foregoing reasons, the judgment of the trial court granting defendant’s motion for summary judgment is reversed and this case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

LANDRIEU, J., dissents.

. The plaintiff eventually settled her claims with the restaurants and their insurers.

. The Louisiana Code of Civil Procedure delineates two separate exceptions, one for "no right of action” and one for "no cause of action." La. C.C.P. art. 927.